**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GIACOMO DAVID PISCIOTTA | : | |
| | : | |
| Appellant | : | No. 989 MDA 2017 |

Appeal from the PCRA Order May 16, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0000198-2009

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                              **FILED APRIL 12, 2018**

Giacomo David Pisciotta appeals from the order entered May 16, 2017, in the Luzerne County Court of Common Pleas, dismissing his fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Pisciotta seeks relief from the October 30, 2009, judgment of sentence of an aggregate term of 150 to 300 months' imprisonment, imposed after he entered a guilty plea to charges of robbery, burglary, and aggravated assault.[2] On appeal, Pisciotta contends the sentence imposed was unconstitutional.  For the reasons below, we affirm.

The factual and procedural history underlying this appeal were aptly summarized in three prior decisions of this Court, and we need not recite them

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3701(a)(1)(i), 3502(a), and 2702(a)(1), respectively.

herein. **See Commonwealth v. Pisciotta**, 32 A.3d 825 (Pa. Super. 2011) (unpublished memorandum); **Commonwealth v. Pisciotta**, 87 A.3d 886 (Pa. Super. 2013) (unpublished memorandum); **Commonwealth v. Pisciotta**, 134 A.3d 98 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 130 A.3d 1289 (Pa. 2016). In summary, Pisciotta pled guilty to breaking into the home of the 71-year-old victim, whom he then robbed and beat with a baseball bat. The trial court imposed three consecutive sentences, all falling within the low end of the sentencing guidelines range after applying the deadly weapon enhancement. **See** 204 Pa.Code. § 303.10. Although Pisciotta did not file a direct appeal, he sought post-conviction collateral relief on three prior occasions.

In his most recent petition, filed on March 4, 2016, Pisciotta asserts his sentence is illegal, and unconstitutional pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013), and **Montgomery v. Louisiana**, \_\_\_\_ U.S. \_\_\_, 136 S.Ct. 718 (2016). Counsel was appointed, but, on June 21, 2016, filed a petition to withdraw and **Turner**/**Finley**[3] "no merit" letter. Pisciotta filed a *pro se* response to counsel's "no merit" letter, and later retained private counsel to assist him in the PCRA proceedings. Consequently, on October 14,

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2016, the PCRA court entered an order permitting appointed counsel to withdraw.

The court conducted a PCRA hearing on April 24, 2017. Thereafter, on May 16, 2017, the PCRA court entered an order and opinion denying PCRA relief. This timely appeal followed.[4]

On appeal, Pisciotta contends the PCRA court erred in concluding his petition was untimely filed, and that he failed to establish any of the time for filing exceptions. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." **Id.** at 1284 (citations omitted).

It is axiomatic that a PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

---

[4] The PCRA court did not order Pisciotta to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

Here, Pisciotta's judgment of sentence was final on January 4, 2010, 30 days after the trial court denied his post-sentence motion and he failed to file a direct appeal.[5] ***See id.*** at § 9545(b)(3). Therefore, he had until January 2, 2011, to file a timely petition, and the one before us, filed more than five years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Here, Pisciotta contends his petition meets the newly recognized constitutional right exception, which provides an avenue for relief if the petitioner pleads and proves:

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii). Moreover, a petition alleging a timing exception must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

---

[5] The thirtieth day, January 2, 2010, fell on a Saturday. ***See*** 1 Pa.C.S. § 1908.

- 4 -

In the present case, Pisciotta argues his petition was timely filed within 60 days of the United States Supreme Court's decision in ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016). Pisciotta maintains:

> This decision, which was issued on January 25, 2016, found that substantive rule changes in constitutional law need to be applied retroactively. The ***Alleyne*** case was specifically cited in ***Montgomery*** as such as a substantive rule, therefore creating the newly recognized right completed (sic) in the third prong of the timeliness test. Pisciotta's instant PCRA petition, relying on ***Alleyne***, through ***Montgomery***, was filed on March 4, 2016, less than sixty days following the issuance of the ***Montgomery*** decision. As a result, the instant PCRA [petition] is timely filed.

Pisciotta's Brief at 18-19.

Pisciotta's argument fails for several reasons. First, his ***Alleyne*** claim was previously litigated. ***See*** 42 Pa.C.S. § 9543(a)(3) (in order to obtain PCRA relief a petitioner must plead a prove "the allegation of error has not been previously litigated or waived"). Indeed, Pisciotta asserted the applicability of ***Alleyne*** in his prior PCRA petition filed in October of 2014. The PCRA court rejected the claim, and a panel of this Court affirmed the decision on appeal. ***See Pisciotta***, ***supra***, 134 A.3d 98 (Pa. Super. 2015) (unpublished memorandum at *3) (holding Pisciotta (1) did not receive a mandatory sentence that would implicate ***Alleyne***; (2) failed to file his petition within 60 days of when the ***Alleyne*** decision was filed; and (3) failed to establish ***Alleyne*** applied retroactively). Therefore, pursuant to Section 9543(a)(3), Pisciotta cannot seek relief on this basis.

Nevertheless, Pisciotta attempts to differentiate his argument in this appeal by asserting that the United States Supreme Court's recent decision in

*Montgomery*, *supra*, provides a new avenue for relief, namely, that *Montgomery* declared *Alleyne* to be a substantive rule entitled to retroactive relief.[6]  *See* Pisciotta's Brief at 18.  We disagree.

In *Montgomery*, the Supreme Court held that its prior decision in *Miller v. Alabama*, 567 U.S. 460 (2012) — which declared that mandatory life without parole for juvenile homicide offenders violates the Eighth Amendment's prohibition on cruel and unusual punishments — constituted a new substantive rule that must be applied retroactively to cases on collateral review.  Thereafter, subsequent to and mindful of the *Montgomery* decision, the Pennsylvania Supreme Court in *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016), specifically held "*Alleyne* does not apply retroactively to cases pending on collateral review."  To date, there is no United States Supreme Court decision holding that *Alleyne* applies retroactively to untimely PCRA petitions.  Accordingly, Pisciotta is unable to establish a timeliness exception.

Nevertheless, we note that even if Pisciotta's petition were timely filed, he would still not be entitled to sentencing relief under *Alleyne*.  In that case, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and

---

[6] Pisciotta's blanket assertion that the *Montgomery* Court "specifically cited" the *Alleyne* case as a new substantive rule is simply untrue.  Pisciotta's Brief at 18.  Tellingly, Pisciotta fails to provide a specific citation to support this claim, and our review of the *Montgomery* decision reveals no mention of *Alleyne*.

found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).

Here, however, Pisciotta was not sentenced pursuant to any of our now unconstitutional mandatory minimum statutes. Rather, the trial court applied the deadly weapon enhancement to increase the sentencing guideline ranges for Pisciotta's convictions. **See** Pisciotta's Brief at 19. This Court has specifically held "[t]he imposition of the deadly weapon sentencing enhancement does not implicate the Supreme Court of the United States' holding[] in **Alleyne**[.]" **Commonwealth v. Shull**, 148 A.3d 820, 830 n.6 (Pa. Super. 2016). **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (explaining that imposition of deadly weapon enhancement still provides trial court with the discretion to sentence outside the guideline range, and therefore, does not implicate the concerns of **Alleyne**). Therefore, even if Pisciotta were able to overcome the timing requirements, **Alleyne** provides him with no relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2018